UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, by and through its Attorney General, LIZ MURRILL, and ROSALIE MARKEZICH,<br><br>                       *Plaintiffs*,<br><br>   v.<br><br>U.S. FOOD AND DRUG ADMINISTRATION, *et al.*,<br><br>                       *Defendants*. | Case No.: 6:25-cv-01491-DCJ-DJA<br><br>Judge David C. Joseph<br><br>Magistrate Judge David J. Ayo |

**PLAINTIFFS STATE OF LOUISIANA AND ROSALIE MARKEZICH'S
MOTION FOR PRELIMINARY RELIEF UNDER 5 U.S.C. § 705**

Plaintiffs State of Louisiana and Rosalie Markezich respectfully move under 5 U.S.C. § 705 for an order staying or postponing the effective date of the 2023 Risk Evaluation and Mitigation Strategy that the U.S. Food & Drug Administration (FDA) issued to allow mifepristone to be dispensed remotely (the 2023 REMS). Plaintiffs also move in the alternative under 5 U.S.C. § 705 for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure ordering FDA to suspend or withdraw the 2023 REMS while this case proceeds.

The 2023 REMS is unlawful for at least the following reasons:

*First*, as five Fifth Circuit judges already have indicated, the 2023 REMS is arbitrary and capricious and an abuse of discretion in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). *All. for Hippocratic Med. v. FDA*, No. 23-10362, 2023 WL 2913725, at *17–18 (5th Cir. Apr. 12, 2023) (*Alliance I*); *All. for Hippocratic Med. v. FDA*, 78 F.4th 210, 249–51 (5th Cir. 2023) (*Alliance II*), *rev'd and remanded on other grounds*, 602 U.S. 367 (2024) (*Alliance*). That is because FDA permanently removed the in-person dispensing requirement and made other changes based on sources that the agency conceded did not support its decision.

1

*Second*, the 2023 REMS is "otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Under 18 U.S.C. § 1462, Congress prohibits the use of "any express company or other common carrier or interactive computer service" for "any drug, medicine, article, or thing designed, adapted, or intended for producing abortion." Because a federal agency cannot permit what federal law expressly prohibits, FDA lacked authority to permanently remove the in-person dispensing requirement.

For these reasons, and as set forth fully in Plaintiffs' Complaint and supporting Memorandum of Law, interim relief is necessary and appropriate to mitigate irreparable injuries caused by the 2023 REMS. Interim relief will serve the public interest and will not harm Defendants.

This Motion is made on the grounds specified in this Motion, the accompanying Memorandum of Law, the exhibits attached to this Motion, the Complaint, and the Complaint's accompanying exhibits, as well as on such other and further oral or documentary evidence as may be presented to the Court at or before a hearing on this Motion.[1] An exhibit list and a proposed order are attached.

## CONCLUSION

Under 5 U.S.C. § 705, the Court should enter an order against Defendants, including their employees, agents, successors, and all persons in active concert or participation with them, in which the Court:

1. Stays or postpones the effective date of the 2023 REMS while this case proceeds, and ensures that the "[t]he in-person dispensing requirement[ ], and FDA's obligation to enforce [it], will continue to apply," *Alliance II*, 78 F.4th at 254, or

2. Issues a preliminary injunction ordering Defendants to withdraw or suspend the 2023 REMS and to restore the in-person dispensing requirement while this case proceeds.

---

[1] Because the injunctive relief requested would serve the public interest, Plaintiffs ask the Court to exercise its discretion to not require a security or bond under Fed. R. Civ. P. 65(c). *See City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. 1981).

Respectfully submitted this 17th day of December, 2025.

*s/ Michael T. Johnson*
Michael T. Johnson (Lead)
  LA Bar No. 14401
JOHNSON, SIEBENEICHER & INGRAM
2757 Highway 28 East
Pineville, LA 71360
Telephone: (318) 484-3911
Facsimile: (318) 484-3585
mikejohnson@jslawfirm.com

*Counsel for Plaintiff Rosalie Markezich*

Erin M. Hawley
  WDLA Temp. Bar No. 918597
Erik C. Baptist
  WDLA Temp. Bar No. 918596
Julie Marie Blake
  WDLA Temp. Bar No. 918094
Frank W. Basgall
  WDLA Temp. Bar No. 918593
Gabriella M. McIntyre
  WDLA Temp. Bar No. 918594
Dalton A. Nichols
  WDLA Temp. Bar No. 918595
ALLIANCE DEFENDING FREEDOM 44180
Riverside Parkway
Lansdowne, VA 20176
Telephone: (571) 707-4655
ehawley@ADFlegal.org
ebaptist@ADFlegal.org
jblake@ADFlegal.org
fbasgall@ADFlegal.org
gmcintyre@ADFlegal.org
dnichols@ADFlegal.org

*Counsel for Plaintiffs State of Louisiana and Rosalie Markezich*

*s/ Caitlin Huettemann*
LIZ MURRILL
  Attorney General
J. Benjamin Aguiñaga*
  Solicitor General
Caitlin Huettemann (Lead)
  Assistant Solicitor General
  LA Bar No. 40402
OFFICE OF THE LOUISIANA
ATTORNEY GENERAL
1885 N. Third Street
Baton Rouge, LA 70804
Telephone: (225) 326-6766
AguinagaB@ag.louisiana.gov
HuettemannC@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

*pro hac vice forthcoming

## CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Local Rule 7.4.1, counsel conferred in good faith regarding the relief sought in this Motion. Defendants oppose Plaintiffs' Motion.

*s/ Caitlin Huettemann*
Caitlin Huettemann
